UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| CITY OF EUCLID, et al., ) | CASE NO. 1:17 CV 465 |
| ) | |
| Plaintiffs, ) | JUDGE JAMES S. GWIN |
| ) | |
| v. ) | |
| ) | ORDER OF REMAND |
| JOSEPH ZIEGLER, ) | |
| ) | |
| Defendant. ) | |

On March 7, 2017, Joseph Ziegler filed a Notice of Removal, seeking to bring a misdemeanor criminal case charging him with disorderly conduct, pending against him in the City of Euclid Municipal Court, before this court..

Citing 28 U.S.C. § 1443, Ziegler predicates removal on the ground that the charges against him "blatantly violat[e] this Defendant-Petitioner's clearly established Federal Civil rights protected under Equal Protection Clause to Fair Jury Trial, Due Process of Law, Access to the Courts, Right to Peacefully Assemble, Associate, Interstate Travel, Commerce, Privileges, Immunities and Comity Clause and/or Federal Constitutional Rights protected under Federal Law . . . " Complaint, p. 2.

The provisions for removal of state criminal cases have specific application in very limited circumstances. *See, City of Greenwood v. Peacock*, 384 U.S. 808 (1966); *State of Georgia v. Rachel*, 384 U.S. 780 (1966).

Removal may occur in cases where a criminal prosecution is:

(1) Against any person who is denied or cannot enforce in the courts of [a State] a right under any law providing for the equal civil rights of citizens of the United States ...;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

As regards subsection (1), "it must appear that the right allegedly denied the removal petitioner arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975)(citation omitted). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination, will not suffice. That a removal petitioner will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(1)." *Id*.

Nor is subsection (2) conceivably applicable, as "the first clause, 'for any act under color of authority derived from any law providing for equal rights . . . has been examined by the Supreme Court and held available only to federal officers and to persons assisting such officers in the performance of their official duties." *Detroit Police Lieutenants and Sargeants Ass'n v. City of Detroit*, 597 F.2d 566, 568 (6th Cir. 1979)(citing *Greenwood,* 384 U.S. at 815).

Even construing Defendant's Notice liberally, it does not contain allegations setting forth a valid basis, under the foregoing standards, for removal of his criminal case to this court. Accordingly, this matter is remanded to the Euclid Municipal Court.

IT IS SO ORDERED.


Dated: March 10, 2017	*s/ James S. Gwin*
	JAMES S. GWIN
	UNITED STATES DISTRICT JUDGE